Annie STRONG, Lillie Jackson, Adeline King, Sandra Brooks, Jerry Rodgers, Helen Ham, Brenda Brake, Blanche Sutton, Yvonne Fowler, David Lane, Doyle Coker, Jr., and Barbara Bledsoe, Individually and on behalf of all others similarly situated, Plaintiffs,

Noma M. Bowman and Gary Bowman, Intervenors,

v.

NATIONAL CREDIT MANAGEMENT COMPANY a/k/a National Collection Group, a/k/a National Collections Systems, Inc., Defendant.

No. J–C–83–10.

United States District Court, E.D. Arkansas, Jonesboro Division.

Oct. 17, 1984.

James O'Connor, East Arkansas Legal Services, Blytheville, Ark., for plaintiffs.

Bill Bristow, Jonesboro, Ark., and Oscar Fendler, Blytheville, Ark., for intervenors.

N.M. Norton, Jr., Wright, Lindsey & Jennings, Little Rock, Ark., for defendant.

ORDER

HENRY WOODS, District Judge.

Plaintiffs filed their complaints alleging that certain practices utilized by the defendant in its debt collection efforts violated the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692 et seq. They seek declaratory and injunctive relief as well as an award of damages. Plaintiffs seek certification of a (Rule 23(b)(2)) class composed of:

All consumers who reside in the State of Arkansas and who had received within one year of the filing of plaintiffs complaint, or who could be expected to receive, in the foreseeable future, communications from defendant seeking to collect a "debt" as defined in 15 U.S.C. § 1692a(5).

Defendant, a Missouri Corporation and "debt collector" as that term is used in 15 U.S.C. § 1692a(6), resists certification asserting that (1) private individuals may not pursue injunctive relief under the FDCPA and (2) the requisites of Rule 23 have not been satisfied by plaintiffs. (Originally, plaintiffs also sought certification of a class with regard to damages, but now only seek certification of a class for injunctive purposes.) Briefs have been filed by the parties and a class certification hearing was held by the court on October 11, 1984. Based on the record as developed by the parties the court is now prepared to render its decision on the class certification issue.

Plaintiffs proceed under 15 U.S.C. § 1692k and while this does not specifically authorize private parties to seek injunctive relief, plaintiffs argue that this court's broad remedial powers permit it to entertain private injunctive actions. The FDCPA specifically authorizes the Federal Trade Commission (FTC) to seek injunctive relief (15 U.S.C. § 1692*l*) and defendant persuasively argues that this is a strong indication of Congress' intent to limit private actions to damage claims. The only

two reported decisions addressing this issue have reached this conclusion. *Sibley v. Fulton DeKalb Collection Service,* 677 F.2d 830 (11th Cir.1982); *Duran v. Credit Bureau of Yuma,* 93 F.R.D. 607 (D.C.Ariz. 1982).

In another consumer protection statutory scheme (Truth in Lending Act, 15 U.S.C. § 1601 et seq.) which this circuit has recognized as analogous to the FDCPA, *Peterson v. United Accounts, Inc.,* 638 F.2d 1134 (8th Cir.1981), a private right of injunctive relief has been disallowed. *Jordan v. Montgomery Ward Co.,* 442 F.2d 78 (8th Cir.1971). Similarly, this court concludes that no private right to seek injunctive relief should be implied under the FDCPA. Since certification is sought only with respect to proposed injunctive relief certification must be and is hereby denied.