**Alice ZANNI, individually and on behalf of all others similarly situated, Plaintiff,**

v.

**Richard Walter LIPPOLD, Defendant,**

and

**Richard J. Bertinetti, Counter–Defendant.**

No. 85–3301.

United States District Court, C.D. Illinois, Springfield Division.

Feb. 3, 1988.

Robin J. Talbert, Alton, Ill., Richard D. Chase, East St. Louis, Ill., for plaintiff.

Thomas Schanzle–Haskins, Carol H. Fines, John A. Ess, Springfield, Ill., for defendant.

## OPINION

MILLS, District Judge:

Plaintiff moves for class certification to secure both *injunctive relief* and *monetary damages.*

The result is a mixed bag: We deny on the former, we certify on the latter.

This action arises under the Fair Debt Collection Practices Act (FDCPA), 15 U.S. C. § 1692, and the Illinois Consumer Fraud and Deceptive Business Practices Act (CFDBPA), Ill.Rev.Stat. ch. 121½, ¶ 262. The complaint is based on Defendant's alleged practice of filing debt collection proceedings in Macoupin County, Illinois, regardless of where the consumer resides or where the cause of action arose.

Plaintiff seeks certification as a class for all people who (1) have been or will be defendants in actions commenced by Defendant herein in the Circuit Court of Macoupin County subsequent to the statute of limitations dates fixed by the filing of this suit, (2) were residents of counties in Illinois other than Macoupin County at the time actions were filed against them, and (3) did not sign a contract, transact business, or receive services in Macoupin County which gave rise to the claim sued upon.

## I—CERTIFICATION FOR INJUNCTIVE RELIEF

### A. Injunctive Relief Under the FDCPA

Plaintiff relies on 15 U.S.C. § 1692k in her attempt to secure class certification for injunctive relief. Although this section does not specifically authorize injunctive relief, Plaintiff argues that this Court's broad remedial powers permit us to hear a private injunctive action under this section. Thus, the issue is whether the FDCPA authorizes a private remedy of injunctive relief. This issue has not been expressly addressed in this circuit. The only two cases which have directly confronted this issue have determined that no such private action exists. Finding the reasoning in those cases persuasive, we hold likewise.

In *Duran v. Credit Bureau of Yuma,* 93 F.R.D. 607 (D.Ariz.1982), the court held that it was

> without jurisdiction to grant injunctive relief to a consumer aggrieved by a debt collector's failure to comply with the requirements of the Fair Debt Collection Practices Act (FDCPA). That view is supported by the language of the FDCPA, ... by the Act's legislative history; by a comparison of the Act with other consumer protection statutes and cases which have specifically ruled that comparable civil liability or enforcement provisions should be narrowly construed.

*Id.* at 608 (footnotes omitted).

Similarly, in *Strong v. National Credit Management Co.,* 600 F.Supp. 46 (E.D.Ark. 1984), the court stated: "The FDCPA specifically authorizes the Federal Trade Commission (FTC) to seek injunctive relief (15 U.S.C. § 1691*l* ) and defendant persuasively argues that this is a strong indication of Congress' intent to limit private actions to damage claims." Thus, the Court held no private action for injunctive relief lies under the statute.[1]

Plaintiff cites a number of cases, including *Chavez v. Northwest Collectors, Inc.,* No. 85–C–0763 (N.D.Ill. Oct. 11, 1985) [available on WESTLAW, 1985 WL 3085], *Valderama v. National Revenue Corp.,* No. CV80–L–67 (D.Neb. Oct. 13, 1981), and *Bolden v. G.H. Perkins Assoc., Inc.,* No. N–81–130 (D.Conn. March 4, 1983), which have allowed class actions to proceed where injunctive relief was sought. How-

---

1. The Court further notes that the Eleventh Circuit has stated in dicta: "[E]quitable relief is not available to an individual under the civil liability section of the Act." *Sibley v. Fulton DeKalb Collection Serv.,* 677 F.2d 830, 834 (11th Cir. 1982).

ever, none of these cases addressed the issue before us. Apparently, defendants in those cases did not raise the issue. Therefore, they are of no value in guiding our decision.

Finally, we consider the Act's legislative history. The Senate Report on the FDCPA, S.Rep. No. 382, 95th Cong., 2d Sess. 5, *reprinted in* 1977 U.S.Code Cong. & Ad.News 1695, 1699–1700, sets out detailed civil liability penalties. These penalties, however, are neatly divided according to who is bringing the action. Consumers are allowed "actual damages ... as well as any additional damages the court deems appropriate, not exceeding $1,000." Significantly, the report does not say "as well as any additional *relief* the court deems appropriate." Clearly, Congress was allowing only for monetary damages where private parties were concerned.

Conversely, in the following section of the report, entitled "Administrative enforcement," the report states: "The Federal Trade Commission is authorized to treat violations of the act as violations of a trade regulation rule, which empowers the Commission to obtain restraining orders and seek fines in federal district court." Thus, Congress did provide for injunctive relief under the Act, but reserved its availability to the FTC. Undoubtedly, there was a conscious decision made by Congress to divide the available relief. We will not upset Congress' decision.

As there are no precedential decisions to be applied, the Court will deny class certification as to injunctive relief under the reasoning presented in *Duran* and *Strong*.

B. Injunctive Relief Under the CFDBPA

■ Similar to the issue decided above, the Court must decide whether a private cause of action lies under CFDBPA. The Court has not been cited to, nor can it find, any Illinois decisions dispositive of this question. We believe, however, that the language of the CFDBPA suggests that the Illinois legislature did not mean to al-

low a private action for injunctive relief under the Act.[2]

Our decision is governed by the language of the Act in two separate sections. First, the legislature provided:

Whenever the Attorney General or a State's Attorney has reason to believe that any person is using, has used, or is about to use any method, act or practice declared by Sections 2 through 20 of this Act to be unlawful, and that proceedings would be in the public interest, he or she may bring an action in the name of the People of the State against such person to restrain by preliminary or permanent injunction the use of such method, act or practice.

Ill.Rev.Stat. ch. 121½, ¶ 267. Thus, the legislature specifically provided for injunctive relief to be sought by the attorney general or state's attorney. However, in a section entitled "Actions for damages," the legislature provided: "Any person who suffers damage as a result of a violation of Sections 2 through 20 of this Act committed by any other person may bring an action against such person. The Court in its discretion may award actual damages or any other relief which the Court deems proper." Ill.Rev.Stat. ch. 121½, ¶ 270a(a). Plaintiff argues that the language "any other relief" clearly establishes that injunctive relief is available to private individuals. The Court would be inclined to agree with Plaintiff if subsection (a) were read in isolation. However, statutory phrases cannot be read in isolation; statutes must be read as a whole. *United States v. Morton*, 467 U.S. 822, 828, 104 S.Ct. 2769, 2773, 81 L.Ed. 2d 680 (1984). In subsection (d) of ¶ 270a the Act states: "Upon commencement of any action brought under this Section the plaintiff may mail a copy of the complaint or other initial pleading to the Attorney General and, upon entry of any judgment or order in the action, may mail a copy of such judgment or order to the Attorney General." Ill.Rev.Stat. ch. 121½, ¶ 270a(d). It appears to the Court that the only purpose of including this subsection under the

2. Unfortunately, no legislative history exists covering the initial passage of this Act in 1961. Illinois did not begin to keep transcripts of legislative debates until 1971. Thus, we must glean legislative intent only from the words of the Act itself.

"Actions for damages" section is so the attorney general could investigate the claim and institute injunctive action if need be. If private parties could pursue injunctive relief under the Act, then subsection (d) would be meaningless and superfluous. We must avoid such a reading of the statute. *Zimmerman v. North American Signal Co.*, 704 F.2d 347, 353 (7th Cir.1983). To give subsection (d) the meaning the Court believes the Illinois legislature meant for it to have, we must rule that no private action for injunctive relief exists under the CFDBPA.

As the Court is without jurisdiction to grant Plaintiff injunctive relief under the FDCPA or the CFDBPA, the class will not be certified on that basis.

C. Monetary Damages Predominates

■ Even had the Court found that the FDCPA or the CFDBPA allowed a private right of action for injunctive relief, we still could not certify this class for injunctive relief. The comments to Rule 23 state: "The subdivision [Rule 23(b)(2)] does not extend to cases in which the appropriate final relief relates exclusively or predominantly to money damages." Fed.R.Civ.P. 23 notes of advisory committee on 1966 amendment.

Here, Plaintiff asks for compensatory damages, punitive damages, and attorney's fees. Clearly, this is an action "predominantly" for money damages. As the Court stated in *Walsh v. Ford Motor Co.*, 106 F.R.D. 378, 392 (D.D.C.1985), "where damages would be an adequate form of compensation for the injury . . . equitable relief . . . [will] not normally lie." *See also In re School Asbestos Litigation*, 789 F.2d 996 (3d Cir.1986). Likewise, the Court in *Robertson v. National Basketball Association*, 389 F.Supp. 867, 900 (S.D.N.Y.1975), stated: "Class actions are generally not maintainable under this provision when money damages comprise a significant . . . portion of the total relief requested." *See also* 3B Moore's Federal Practice ¶ 23.40[4] & n. 2 (stating that many "cases have stated the principle that (b)(2) was not intended to apply where the primary claim is for damages, but is applicable only where

the relief sought is exclusively or predominantly injunctive or declaratory").

Thus, the Court finds that we must deny class certification for injunctive relief on two separate and independent grounds. First, on the ground that neither the FDCPA nor the CFDBPA allows for private injunctive relief. Second, as this claim is predominantly for monetary damages, certification under (b)(2) is inappropriate.

## II—CERTIFICATION FOR DAMAGES

■ The FDCPA expressly provides for class actions. 15 U.S.C. § 1692k(a)(2)(B). Similarly, class actions are allowed under the CFDBPA. *See, e.g., Miner v. Gillette Co.*, 89 Ill.App.3d 315, 319–20 (1980), *aff'd in part, rev'd in part on other grounds*, 87 Ill.2d 7, 56 Ill.Dec. 886, 428 N.E.2d 478 (1981).

Thus, the only question presented is whether the proposed class meets the requirements of Rule 23(a) & (b)(3). *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177–78, 94 S.Ct. 2140, 2152–53, 40 L.Ed.2d 732 (1974); *Halverson v. Convenient Food Mart, Inc.*, 458 F.2d 927, 932 (7th Cir.1972). Under the circumstances presented here, evaluation of the class certification question involves an eight step analysis. *See Duran v. Credit Bureau of Yuma*, 93 F.R.D. 607, 609 (D.Ariz.1982).

First, is there a class? Yes, there is a class consisting of all persons who have been or will be defendants in collection actions brought by Defendant herein filed in Macoupin County, which persons do not reside in Macoupin County and who did not transact business there.

Second, is Plaintiff a member of the class? Plaintiff Alice Zanni's allegations in the complaint allege that she is.

Third, is the class so numerous that joinder of all members is impracticable? Plaintiff has demonstrated, through answers to interrogatories given by Defendant, that the class consists of approximately 153 members. There is ample support in the caselaw to support a finding that this figure meets the numerosity requirement. *See, e.g., Swanson v. American Consumer*

*Industries, Inc.*, 415 F.2d 1326, 1333 (7th Cir.1969) (allowing class of 151 members).

Fourth, are there questions of law or fact common to the class? Yes. A common question of fact is whether members of the class were sued in an improper venue. Common questions of law include (1) whether a policy of improper venue filings is a violation of the FDCPA and (2) whether a policy of improper venue filings is a violation of the CFDBPA.

Fifth, do common questions of law predominate? Yes. The core of Plaintiff's case is that Defendant has a policy of filing collection actions in an improper venue. Clearly, the questions of fact and law involved in this issue predominate.

Sixth, are Plaintiff's claims typical of the claims of the class? Plaintiff alleges in her complaint the same venue abuse asserted to have been used against all members of the potential class. Typicality is shown because of the very narrow issue presented which is common to all.

Seventh, will the representative parties fairly and adequately represent the interests of the class? Nothing has been presented to indicate that they will not.

Eighth, is a class action superior to other available methods for the fair and efficient adjudication of the controversy? Yes. We follow the reasoning laid out in *Duran:*

> Class action certifications to enforce compliance with consumer protection laws are "desirable and should be encouraged". *Watkins v. Simmons and Clark, Inc.*, 618 F.2d 398, 404 (6th Cir. 1980). Not only does it enable class members to share in a financial recovery which they might otherwise never pursue on their own behalf, but it also "provides an opportunity to educate a segment of the public, those included in the class, of the obligations which creditors owe to them as credit consumers." *Id.*

*Duran*, 93 F.R.D. at 610; *see also Goldman v. First National Bank of Chicago*, 532 F.2d 10, 15 (7th Cir.1976).

Further, it does not appear that certification of this class would cause any management difficulties. The members of the class appear to be located within a manageable area. As Plaintiff has a list of all potential class members, compliance with the notice requirements of Rule 23 would not appear to pose any problem. Therefore, at this juncture, the Court cannot envision any management problems which would outweigh the benefits of a class action. *See Duran*, 93 F.R.D. at 610.

*Ergo*, Plaintiff's motion to certify as a class for purposes of securing injunctive relief is DENIED. Conversely, Plaintiff's motion to certify as a class for purposes of securing monetary damages is ALLOWED.

Further, this cause is hereby referred to U.S. Magistrate Evans for scheduling such that this litigation may come to a prompt and fair disposition.