

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-29-2004

# Weiss v. Regal Collections

Precedential or Non-Precedential: Precedential

Docket No. 03-4033

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Weiss v. Regal Collections" (2004). *2004 Decisions.* Paper 264.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/264

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES
COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-4033
_____

RICHARD WEISS, on behalf of himself
and all others similarly situated,
                              Appellant

v.

REGAL COLLECTIONS;
LANCER INVESTMENTS, INC.
_____

On Appeal from the
United States District Court for the
District of New Jersey
D.C. Civil Action No. 01-cv-00881
(Honorable Alfred M. Wolin)
_____

Argued May 28, 2004

Before:  SCIRICA, *Chief Judge*,
FISHER and ALARCÓN[*],
*Circuit Judges*

(Filed: September 29, 2004)
_____

[*]The Honorable Arthur L. Alarcón,
United States Circuit Judge for the Ninth
Judicial Circuit, sitting by designation.

William J. Pinilis, Esquire (Argued)
Gabriel H. Halpern, Esquire
PinilisHalpern, LLP
237 South Street
Morristown, New Jersey 07960
          Attorneys for Appellant

Bruce D. Greenberg, Esquire (Argued)
Lite DePalma Greenberg & Rivas, LLC
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
          Attorney for Appellees
_____

OPINION OF THE COURT
_____

SCIRICA, *Chief Judge*.

    At issue is whether a putative class representative's claim is mooted by a Rule 68 offer of judgment so as to defeat federal subject matter jurisdiction in a suit requesting class-wide relief. This appeal reflects the tension between two rules of civil procedure—Fed. R. Civ. P. 23 and Fed. R. Civ. P. 68—and whether they can be harmonized when the only individual relief requested by the representative plaintiff has been satisfied through an offer of judgment.[1] The District Court granted defendants' motion to dismiss on grounds of mootness. We will reverse and remand.

_____

    [1]Our Court addressed a similar issue in *Colbert v. Dymacol., Inc.*, 302 F.3d 155 (3d Cir. 2002). That case was vacated and reheard by the Court en banc, 305 F.3d 1256 (3d Cir. 2002), which then dismissed the appeal as improvidently granted. 344 F.3d 334 (3d Cir. 2003).

## I. Facts

On October 25, 2000, defendant bill collector Regal Collections mailed a letter to Richard Weiss demanding payment of a debt allegedly owed to Citibank. Contending that certain statements in the letter constituted unfair debt collection practice in violation of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, Weiss filed a federal class action complaint on February 21, 2001, seeking statutory damages on behalf of himself and a putative nationwide class. On March 2, 2001, Weiss filed an amended complaint seeking declaratory and injunctive relief under the FDCPA, and adding Lancer Investments as a co-defendant.

On April 16, 2001, before filing an answer, and before Weiss moved to certify a class, defendants made a Fed. R. Civ. P. 68[2] offer of judgment to Weiss in the amount of $1000 plus attorney fees and expenses—the maximum amount an individual may recover under the FDCPA. The offer of judgment provided no relief to the class and offered neither injunctive nor declaratory relief. Weiss declined to accept the offer of judgment. Defendants then filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1), arguing Weiss's claim was rendered moot because the Rule 68 offer provided him the maximum damages available under the statute.[3] For this

---

[2]Fed. R. Civ. P. 68 provides:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer

is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

[3]The FDCPA sets a $1000 statutory limit on damages awarded in a private actions. 15 U.S.C. § 1692k(a). The statute also limits the amount of damages recoverable in a class action to the "lesser of $500,000 or 1 per centum of the net worth of the debt collector." § 1692k(a)(2)(B).

2

reason, defendants contended the District Court no longer had subject matter jurisdiction over Weiss's claims. The District Court agreed and dismissed the class action complaint.

## II. Discussion

On appeal, Weiss asserts the Rule 68 offer did not provide the maximum possible recovery because the complaint requested declaratory and injunctive relief, and sought recovery for a putative nationwide class. As such, Weiss argues his claim was not rendered moot by the Rule 68 offer, and the District Court erred in dismissing the class action complaint.[4] Despite Weiss's assertion, the FDCPA does not permit private actions for declaratory or injunctive relief. The principal question, therefore, is whether defendants' Rule 68 offer mooted the claim.

Article III of the United States Constitution limits the jurisdiction of the federal courts to "cases and controversies." U.S. Const. art. III § 2; *Flast v. Cohen*, 392 U.S. 83, 94 (1968). When the issues presented in a case are no longer "live" or the parties lack a legally cognizable interest in the outcome, the case becomes moot and the court no longer has subject matter jurisdiction. *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979). An offer of complete relief will generally moot the plaintiff's claim, as at that point the plaintiff retains no personal interest in the outcome of the litigation. *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake.") (internal citation omitted); *see also* 13A Charles Alan Wright & Arthur R. Miller, Fed. Practice and Procedure: Jurisdiction 2d § 3533.2, at 236 (2d ed. 1984) ("Even when one party wishes to persist to judgment, an offer to accord all of the relief demanded may moot the case.").

## A.

As a threshold matter, we hold defendant's Rule 68 offer of judgment, in the amount of $1,000 plus reasonable costs and fees provided the maximum statutory relief available to Weiss individually under the FDCPA. The FDCPA allows a plaintiff to recover "any actual damage sustained"[5] as a result of the debt collector's violation of the FDCPA, as well as "such additional damages as the court may allow, but not exceeding $1,000," and "the costs of the action,

---

[4]We exercise plenary review over the District Court's dismissal of a complaint. *Oran v. Stafford*, 226 F.3d 275, 281 n.2 (3d Cir. 2000).

[5]Weiss does not allege any actual damages. *Cf. Colbert,* 344 F.3d 334 (3d Cir. 2003) (en banc) (reversing order of dismissal because all relief requested in complaint not included in Fed. R. Civ. P. 68 offer).

together with a reasonable attorney's fees determined by the court." 15 U.S.C. § 1692k(a)(1), (2)(A), (3).

The FDCPA contains no express provision for injunctive or declaratory relief in private actions. *See* 15 U.S.C. § 1692k (listing damages and counsel fees as remedies, but not declaratory or injunctive relief).[6] Most courts have found equitable relief unavailable under the statute, at least with respect to private actions. *See Crawford v. Equifax Payment Servs., Inc.*, 201 F.3d 877, 882 (7th Cir. 2000) (noting that all private actions under the FDCPA are for damages); *Bolin v. Sears Roebuck & Co.*, 231 F.3d 970, 977 n.39 (5th Cir. 2000) ("[A]lthough this circuit has not definitively ruled on the issue, courts uniformly hold that the FDCPA does not authorize equitable relief."); *Sibley v. Fulton Dekalb Collection Servs.*, 677 F.2d 830, 834 (11th Cir. 1982) (holding in dicta that equitable relief is not available to an individual under the Act.)[7]

---

[6] The language of the FDCPA provides that a debt collector who fails to comply with the Act shall be liable for an "amount." 15 U.S.C. § 1692k(a).

[7] As noted, most courts have found declaratory or equitable relief is not available to private litigants under the FDCPA. *See, e.g., In re Risk Mgmt. Alternatives, Inc. Fair Debt Collection Practices Litig.*, 208 F.R.D. 493, 503 (S.D.N.Y. 2002); *Goldberg v. Winston & Morrone*, 1997 U.S. Dist. LEXIS 3521 (S.D.N.Y. Mar. 26, 1997). Some courts

The remedies under the FDCPA differ depending on who brings the action.[8] *Compare* 15 U.S.C. § 1692k(a) (damage remedies for private litigants) *with* 15 U.S.C. § 1692l (administrative enforcement by Federal Trade Commission). The statute authorizes damages for civil liability, but permits only the Federal Trade Commission to pursue injunctive or declaratory relief. *See* 15

---

have found declaratory relief is available to a certified class. *See, e.g., Ballard v. Equifax Check Servs.*, 158 F. Supp. 2d 1163, 1177 (E.D. Cal. 2001) (allowing declaratory relief in a class action); *Woodard v. Online Info. Servs.*, 191 F.R.D. 502, 507 (E.D.N.C. 2000) (same); *Gammon v. GC Servs. Ltd. P'ship*, 162 F.R.D. 313, 319-20 (N.D. Ill. 1995) (same).

[8] The legislative history of the Act also suggests two categories of penalties depending on who brings the action. *See* 95 S. Rep. 382, at 5 (discussing "civil liability" and "administrative enforcement" under separate sub-headings); *see also Zanni v. Lippold*, 119 F.R.D. 32, 34 (C.D. Ill. 1988) (relying on dual penalty schemes in legislative history of FDCPA to support conclusion that equitable relief is unavailable to private litigants).

4

U.S.C. § 1692l.[9]  Some trial courts have interpreted this statutory structure to preclude injunctive or declaratory relief in private actions. *See Zanni v. Lippold*, 119 F.R.D. 32, 33-34 (C.D. Ill. 1988) ("'The FDCPA specifically authorizes the Federal Trade Commission (FTC) to seek injunctive relief . . . and defendant persuasively argues that this is a strong indication of Congress' intent to limit private actions to damage claims.'") (quoting *Strong v. Nat'l Credit Mgmt. Co.*, 600 F. Supp. 46 (E.D. Ark. 1984)); *see also Washington v. CSC Credit Servs.*, 199 F.3d 263, 268 (5th Cir. 2000) ("[Under the Fair Credit Reporting Act, the] affirmative grant of power to the FTC to pursue injunctive relief, coupled with the absence of a similar grant to private litigants, when they are expressly granted the right to obtain damages and other relief, persuasively demonstrates that Congress vested the power to obtain injunctive relief solely with the FTC."). Because the statute explicitly provides declaratory and equitable relief only through action by the Federal Trade Commission, we believe the different penalty structure demonstrates Congress's intent to preclude equitable relief in private actions.

For these reasons, we hold injunctive and declaratory relief are not available to litigants acting in an individual capacity under the FDCPA. Therefore, the Rule 68 offer provided all the relief available to Weiss as an individual plaintiff acting in his personal capacity.

Of course, the Rule 68 offer did not provide the maximum damages to the putative class. For class actions, the maximum relief under the FDCPA is greater. The FDCPA authorizes additional recovery for non-named class members "without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector." 15 U.S.C. § 1692k(a)(2)(B). Because defendants' Rule 68 offer included no relief for the putative class, either under the provisions of the FDCPA or through the aggregation of class claims, we address the mootness question in that context.

---

[9]Section 1692l provides, in part:

Administrative enforcement

(a) Federal Trade Commission. Compliance with this title shall be enforced by the Commission, except to the extent that enforcement of the requirements imposed under this title is specifically committed to another agency under subsection (b) . . . . All of the functions and powers of the Commission under the Federal Trade Commission Act [15 USCS §§ 41 et seq.] are available to the Commission to enforce compliance by any person with this title . . . .

5

### B.

### 1.

The Federal Rules of Civil Procedure are designed to be interdependent. *See* Fed. R. Civ. P. 1 ("These rules govern the procedure in . . . all suits of a civil nature . . . ."); *Canister Co. v. Leahy*, 182 F.2d 510, 514 (3d Cir. 1950) ("[The Rules] must be considered in relation to one another."). Whenever possible we should harmonize the rules. In the event of an unreconcilable conflict, then one rule of procedure may have to take precedence over another.

As discussed, under traditional mootness principles, an offer for the entirety of a plaintiff's claim will generally moot the claim. We have held a class action may be dismissed when the named plaintiff's claim is rendered moot before filing a motion for class certification. *See Brown v. Phila. Hous. Auth.*, 350 F.3d 338, 343 (3d Cir. 2003) ("[W]hen claims of the named plaintiffs become moot before class certification, dismissal of the action is required.") (quoting *Lusardi v. Xerox Corp.*, 975 F.2d 964, 974 (3d Cir. 1992)). Defendants argue this action is moot because they submitted the Fed. R. Civ. P. 68 offer for complete individual relief before Weiss filed a motion for class certification.

The question of mootness in the class action context is not a simple one. *See Lusardi*, 975 F.2d at 974 ("[S]pecial mootness rules apply in the class action context, where the named plaintiff purports to represent an interest that extends beyond his own."). Nonetheless, it appears to be settled that once a class has been certified, mooting a class representative's claim does not moot the entire action because the class "acquire[s] a legal status separate from the interest asserted by [the named plaintiff]." *Sosna v. Iowa*, 419 U.S. 393, 399 (1975).

In two decisions in 1980, *United States Parole Comm'n v. Geraghty*, 445 U.S. 388 (1980) and *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326 (1980), the Supreme Court provided some guidance in this area. These cases permitted a named plaintiff whose individual claims were mooted to appeal a denial of class certification.

In *Geraghty*, the question presented was "whether a trial court's denial of a motion for certification of a class may be reviewed on appeal after the named plaintiff's personal claim has become 'moot.'" 445 U.S. at 390. The Court looked beyond the mootness of Geraghty's substantive claims and focused on his distinct "procedural . . . right to represent a class." *Id*. at 402. The Court held the action was not moot upon the expiration of the substantive claim, because the plaintiff retained a "personal stake" in the class certification decision. *Id*. at 404.

Of special significance to this appeal, in *Roper*, the Supreme Court expressed concern at a defendant's ability to "pick off" named plaintiffs by mooting their private individual claims. 445 U.S. at 339. Credit card holders brought a class action challenging finance charges levied

6

on their accounts and those of similarly situated card holders. *Id.* at 328-29. After the district court denied their motion for class certification, the bank tendered to each named plaintiff the maximum amount he would have received individually. *Id.* at 329. The named plaintiffs refused the offer, but the district court, over their objections, entered judgment in their favor and dismissed the action as moot. *Id.* at 330. The Court of Appeals for the Fifth Circuit reversed, noting: "The notion that a defendant may short-circuit a class action by paying off the class representatives either with their acquiescence or, as here, against their will, deserves short shrift. Indeed, were it so easy to end class actions, few would survive." *Roper v. Consurve, Inc.*, 578 F.2d 1106, 1110 (5th Cir. 1978).

Granting certiorari, the Supreme Court considered whether putative class representatives retained a private interest in appealing the denial of class certification subsequent to the entry of judgment in their favor, over their objections. The bank argued the entire case had been mooted by the individual offers. The Supreme Court disagreed, stating:

> Requiring multiple plaintiffs to bring separate actions, which effectively could be 'picked off' by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained, obviously would frustrate the objectives of class actions; moreover it would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement.

445 U.S. at 339.

Then-Associate Justice Rehnquist concurred in the judgment, but wrote separately, commenting:

> The distinguishing feature here is that the defendant has made an *unaccepted* offer of tender in settlement of the individual putative representative's claim. The action is moot in the Art. III sense only if this Court adopts a rule that an individual seeking to proceed as a class representative is required to accept a tender of only his individual claims. So long as the court does not require such acceptance, the individual is required to prove his case and the requisite Art. III adversity continues. Acceptance [of defendant's offer] need not be mandated under our precedent since the defendant has not offered all that has been requested in the complaint (i.e. relief for the class) . . . .

7

*Id.* at 341 (Rehnquist, J., concurring).

We recognize *Roper* addressed a different issue, whether a putative class representative retains an individual interest in appealing the denial of class certification subsequent to an entry of judgment in his favor, to which he objected.[10] But the matters addressed in *Roper*—particularly a defendant's ability to "pick off" representative plaintiffs and thwart a class action—have direct application to the issue presented by this appeal.[11] Of course, plaintiff here was only a putative class representative. Although Weiss filed a class complaint, he had not yet moved for class certification.

As sound as is Rule 68 when applied to individual plaintiffs, its application is strained when an offer of judgment is made to a class representative.[12] As in *Roper*, allowing

---

[10]We also acknowledge *Roper* specifically limited its holding, stating: "Difficult questions arises as to what, if any, are the named plaintiffs' responsibilities to the putative class *prior* to certification; this case does not require us to reach these questions." 445 U.S. at 340 n.12 (emphasis in original).

[11]One court considering the identical issue to ours in a FDCPA class action commented: "The rationale animating the Court's determination [in *Roper*] . . . speaks directly to the concerns present here." *White v. OSI Collection Servs., Inc.*, 2001 U.S. Dist. LEXIS 19879, at *12 (E.D.N.Y. Nov. 5, 2001).

[12]Courts have wrestled with the application of Rule 68 in the class action context, noting Rule 68 offers to individual named plaintiffs undercut close court supervision of class action settlements, create conflicts of interests for named plaintiffs, and encourage premature class certification motions. *See Gibson v. Aman Collection Serv. Inc.*, 2001 U.S. Dist. LEXIS 10669, at *8 (S.D. Ind. July 23, 2001) (recognizing conflict of interest posed by Rule 68 offer to lead plaintiff); *Gay v. Waiter's and Dairy Lunchmen's Union*, 86 F.R.D. 500, 502-03 (N.D. Cal. 1980). Justice Brennan also discussed the conflict of interests facing named representatives presented with a Rule 68 offer in *Marek v. Chesny*, 473 U.S. 1, 35 n.49 (1985) (Brennan, J., dissenting).

No express statement limits the application of Fed. R. Civ. P. 68 in class actions. Proposed amendments to make Rule 68 inapplicable to class actions were suggested in 1983 and 1984, and they were rejected both times. The proposals read in part: "[t]his rule shall not apply to class or derivative actions under Rules 23, 23.1, and 23.2." *See* 98 F.R.D. at 363; 102 F.R.D. at 433. In support of the proposals, the Advisory Committee wrote: "An offeree's rejection would burden a named representative-offeree with the risk of exposure to heavy liability [for costs and expenses] that could not be recouped from unnamed class members. . . . [This] could lead to a conflict of interest between the named representatives and other members

8

the defendants here to "pick off" a representative plaintiff with an offer of judgment less than two months after the complaint is filed may undercut the viability of the class action procedure, and frustrate the objectives of this procedural mechanism for aggregating small claims, like those brought under the FDCPA.

The purposes behind Fed. R. Civ. P. 23 are well-recognized. "A significant

---

of the class." Advisory Committee's Note to Proposed Amendment to Rule 68, 102 F.R.D. at 436. *See also* Roy D. Simon, Jr., *The Riddle of Rule 68*, 54 Geo. Wash. L. Rev. 1, 52 (1985) (discussing rule changes and rationale for rejecting changes).

The leading treatises recognize the tension between these two procedural rules. *See, e.g.*, 12 Charles Alan Wright & Arthur R. Miller, Fed. Practice and Procedure § 3001.1, at 76 (2d ed. 1997) ("There is much force to the contention that, as a matter of policy [Rule 68] should not be employed in class actions."); 13 James William Moore et. al., Moore's Federal Practice ¶ 68.03[3], at 68-15 (3d ed. 2004) ("policy and practicality considerations make application of the offer of judgment rule to class and derivative actions questionable."); 5 Newberg on Class Actions § 15.36, at 115 (4th ed.) ("[B]y denying the mandatory imposition of Rule 68 in class actions, class representatives will not be forced to abandon their litigation posture each time they are threatened with the possibility of incurring substantial costs for the sake of absent class members.").

benefit to claimants who choose to litigate their individual claims in a class-action context is the prospect of reducing their costs of litigation, particularly attorney's fees, by allocating such costs among all members of the class who benefit from the recovery." *Roper*, 445 U.S. at 338 n.9. The Supreme Court also commented that "[c]lass actions . . . may permit the plaintiffs to pool claims which would be uneconomical to litigate individually. For example, this lawsuit involves claims averaging about $100 per plaintiff; most of the plaintiffs would have no realistic day in Court if a class action were not available." *Phillips Petroleum v. Shutts*, 472 U.S. 797, 809 (1985). This "[c]ost-spreading can also enhance the means for private attorney general enforcement and the resulting deterrence of wrongdoing." *In re Gen'l Motors Corp., Pick-up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 784 (3d Cir. 1995). Allowing defendants to "pick off" putative lead plaintiffs contravenes one of the primary purposes of class actions—the aggregation of numerous similar (especially small) claims in a single action.

Moreover, a rule allowing plaintiffs to be "picked off" at an early stage in a putative class action may waste judicial resources by "stimulating successive suits brought by others claiming aggrievement." *Roper*, 445 U.S. at 339. This result is contrary to the purpose of Fed. R. Civ. P. 68 as well. *See* 13 Moore's Federal Practice § 68.02[2], at 68-7 (3d ed. 2004) ("The primary purpose of Rule 68 is to promote settlements and avoid protracted

9

litigation.").

There is another significant consideration. Congress explicitly provided for class damages in the FDCPA. *See* 15 U.S.C. § 1692k(a)(2)(B) (establishing maximum damages in class actions under the FDCPA). Congress also intended the FDCPA to be self-enforcing by private attorney generals. *See* S. Rep. No. 95-382 p.5 (describing FDCPA as "self-enforcing"); *see also Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991) ("[FDCPA] mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general."). Representative actions, therefore, appear to be fundamental to the statutory structure of the FDCPA. Lacking this procedural mechanism, meritorious FDCPA claims might go unredressed because the awards in an individual case might be too small to prosecute an individual action. For this reason, defendants' view of the interplay between Fed. R. Civ. P. 23 and Fed. R. Civ. P. 68 would frustrate Congress's explicit directive that the FDCPA be enforced by private attorney generals acting in a representative capacity. Alleged violators of federal law would be allowed to tender the statutory amount of damages to a named plaintiff, derailing a putative class action and frustrating the goals and enforcement mechanism of the FDCPA.[13]

---

[13]Class actions may be well-suited to the FDCPA, where an individual

### 2.

As the Court in *Geraghty* stated, "mootness . . . can be avoided through certification of a class prior to expiration of the named plaintiff's personal claim." 445 U.S. at 398; *see also Holstein v. City of Chi.*, 29 F.3d 1145, 1147-48 (7th Cir. 1994) (finding case moot where plaintiff did not move for class certification before "evaporation of his personal stake"). Some appellate courts have extended *Geraghty* and declined to dismiss on mootness grounds while class certification was pending. *See Susman v. Lincoln Am. Corp.*, 587 F.2d 866, 869-71 (7th Cir. 1978) (holding case not moot when class certification motion was pending before district court at the time named plaintiffs were tendered damages); *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1051 (5th Cir. July 1981) ("conclud[ing] that a suit brought as a class action should not be dismissed for mootness upon tender to the named plaintiffs of their personal claims, at least when, as here, there is pending before the district court a timely filed and diligently pursued motion for

---

claimant's damages are capped at $1,000.
As one trial court commented: "The FDCPA caps individual statutory damages at $1,000, so no individual statutory damages claim is very large. Thus, it may be financially feasible for the defendant to buy off successive plaintiffs in the hopes of preventing class certification." *White v. OSI Collection Servs.*, 2001 U.S. Dist. LEXIS 19879, at *16 n.7 (E.D.N.Y. Nov. 5, 2001).

10

class certification."); *see also Lusardi*, 975 F.2d 964, 975 (3d Cir. 1992) (noting the exception to the general mootness rule where a certification motion which district court did not have a reasonable opportunity to decide was filed before plaintiff's claim expired). As noted, although plaintiff here filed a class complaint, he never filed a motion for class certification. His individual claim was allegedly "mooted" by the Rule 68 offer before the court had a reasonable opportunity to consider class certification under Fed. R. Civ. P. 23. This situation is not uncommon in FDCPA cases and has created an unsettled area of law.[14]

---

[14]Several courts have found that when a Fed. R. Civ. P. 68 offer of judgment for the entire individual claim follows closely on the heels of the filing of an FDCPA class complaint, the case should not be dismissed. *See Nasca v. GC Servs.*, 2002 U.S. Dist. LEXIS 16992, at *9 (S.D.N.Y. 2002) ("To allow a Rule 68 offer to moot a named plaintiff's claim in these circumstances would encourage defendants to pick off named plaintiffs in the earliest stage of the case."); *Schaake v. Risk Mgmt. Alternatives, Inc.*, 203 F.R.D. 108, 112 (S.D.N.Y. 2001) ("Here, it is true no motion for class certification was pending at the time defendant made its Rule 68 Offer of Judgment. However, the complaint was filed on May 23 . . . and the Rule 68 offer was made a mere 32 days later, well before plaintiff could be reasonably expected to file its class certification motion."); *Liles v. Am.*

### 3.

There appears to be considerable authority that once a motion for class certification has been filed, the "relation back" doctrine explained by the Supreme Court in *Sosna v. Iowa*, 419 U.S. 393, 399 (1975) comes into play. In *Sosna*, the Court recognized:

> There may be cases in which the controversy involving the named plaintiffs is such that it becomes moot as to them before the district court can reasonably be expected to rule on a certification motion. In such instances, whether the certification can be said to 'relate back' to the filing of the complaint may depend upon the circumstances of the particular case and especially the reality of the

---

*Corrective Counseling Servs., Inc.*, 201 F.R.D. 452, 455 (S.D. Iowa 2001).

As another approach, some courts have held a motion to certify the class filed within the Rule 68 ten-day offer period will avoid mootness. *See Parker v. Risk Mgmt. Alternatives, Inc.*, 204 F.R.D. 113, 115 (N.D. Ill. 2001) (claim not mooted where class certification motion filed before expiration of ten day period); *Kremnitzer v. Cabrera & Rephen, P.C.*, 202 F.R.D. 239, 244 (N.D. Ill. 2001) (same).

claim that otherwise the issue would evade review.

*Id.* at 402 n.11. Furthermore, in *Geraghty* the Court held class certification may relate back to the filing of the complaint where claims are "so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires." 445 U.S. at 399 (1980). The mootness exception recognizes that, in certain circumstances, to give effect to the purposes of Rule 23, it is necessary to conceive of the named plaintiff as a part of an indivisible class and not merely a single adverse party even before the class certification question has been decided. By relating class certification back to the filing of a class complaint, the class representative would retain standing to litigate class certification though his individual claim is moot. But the question in this case is whether the "relation back" doctrine should apply only after the filing of a motion for class certification or whether it may also be employed after the filing of a class complaint.

The "relation back" doctrine generally has been used for "inherently transitory" claims. *See County of Riverside v. McLaughlin*, 500 U.S. 44, 52 (1991) (quoting *Geraghty*, 445 U.S. at 399). Although Weiss's claims here are not "inherently transitory" as a result of being time sensitive, they are "acutely susceptible to mootness," *Comer v. Cisneros*, 37 F.3d 775, 797 (2d Cir. 1994), in light of defendants' tactic of "picking

off" lead plaintiffs with a Rule 68 offer to avoid a class action. As noted, this tactic may deprive a representative plaintiff the opportunity to timely bring a class certification motion, and also may deny the court a reasonable opportunity to rule on the motion.[15]

It bears noting that most of the cases applying the relation back doctrine have done so after a motion to certify the class has been filed. *See Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1048-49 (5th Cir. July1981); *Susman v. Lincoln Am. Corp.*, 587 F.2d 866, 869-71 (7th Cir, 1978).[16] Nonetheless, reference

---

[15]One commentator addressed the problems encountered in *Riverside*, which are similar to those presented here. David Hill Koysza, Note, *Preventing Defendants from Mooting Class Actions By Picking off Named Plaintiffs*, 53 Duke L.J. 781, 804-805 (2003); *see also* 13 James William Moore, et al., *Moore's Federal Practice* § 68.03[3] (3d ed. 2004) (advocating application of the relation back doctrine to problem of claims being "picked off").

[16]At least one case has explicitly applied the relation back doctrine to Rule 68 offers made before a class certification motion is filed. *See White*, 2001 U.S. Dist. LEXIS 19879, at *16 n.7 ("[I]t may be financially feasible for the defendant to buy off successive plaintiffs in the hopes of preventing class certification. It is in this sense that plaintiff's claim is acutely susceptible to mootness, and thereby fairly characterized as transitory."); *see also*

to the bright line event of the filing of the class certification motion may not always be well-founded. Representative actions vary according to the substantive claims and the courses of action. There are at least three distinct events on the path to a certified class: filing the class complaint, filing the motion for class certification, and a decision on the motion. Yet plaintiffs may file the class certification motion with the class complaint, and in some cases, include a motion for approval of an already negotiated settlement. Of course, the federal rules do not require certification motions to be filed with the class complaint, nor do they require or encourage premature certification determinations.[17] It seems appropriate,

therefore, that the class action process should be able to "play out" according to the directives of Rule 23 and should permit due deliberation by the parties and the court on the class certification issues.

That said, the proper procedure is for the named representative to file a motion for class certification. That did not occur here. But neither was there undue delay.[18] In circumstances like these, we believe the relation back doctrine should apply. Absent undue delay in filing a motion for class certification, therefore,

_____

*McDowall*, 216 F.R.D. 46, 50 n.4 (discussing relation back doctrine in reaching conclusion that FDCPA case not moot). As noted in footnote 12, several cases have declined to dismiss the class claims on mootness grounds even when the Rule 68 offer came before the filing of a motion for class certification, but these cases have not explicitly relied on the relation back doctrine.

[17]Fed. R. Civ. P. 23 directs that certification decisions be made "at an early practicable time." Fed. R. Civ. P. 23(c)(1)(a). This recent amendment replaced the language of the old rule: The former "'as soon as practicable' exaction neither reflect[ed] prevailing practice nor capture[ed] the many valid reasons that may justify deferring the initial certification decision." *See* Fed. R. Civ. P.

_____

23(c)(1)(a) Advisory Committee Notes. Nor do local rules require or envision expedited certification decisions. *See* E. Dist. Pa. L.R.C.P. 23.1(c) (requiring the filing of the certification motion within 90 days after filing the complaint).

Allowing time for limited discovery supporting certification motions may also be necessary for sound judicial administration. *See Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 166 (3d Cir. 2001) ("[I]t may be necessary for the Court to probe behind the pleadings before coming to rest on the certification question.") (quoting *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 160 (1982)); 7B Wright and Miller, Fed. Practice and Procedure § 1785, at 107 ("The [certification] determination usually should be predicated on more information than the complaint itself affords.").

[18]Defendants made their Rule 68 offer six weeks after plaintiff filed his amended complaint.

13

where a defendant makes a Rule 68 offer to an individual claim that has the effect of mooting possible class relief asserted in the complaint, the appropriate course is to relate the certification motion back to the filing of the class complaint.[19] Because in this case, no motion for class certification was made, we will direct the trial court to allow Weiss to file the appropriate motion.

### 4.

We recognize our decision creates some tension with our opinion in *Lusardi v. Xerox Corp.*, 975 F.2d 964 (3d Cir. 1992), but we believe the cases can be reconciled.[20] In *Lusardi*, the named

---

[19]To hold otherwise would automatically result in a plaintiff seeking class relief in a consumer representative action to file a motion for class certification at the time of filing the class complaint. As one trial court noted: "Hinging the outcome of this motion [to dismiss] on whether or not class certification has been filed is not well-supported in the law nor sound judicial practice; it would encourage a 'race to pay off' named plaintiffs very early in the litigation, before they file motions for class certification." *Liles* v. *Am. Corrective Counseling Servs.*, 201 F.R.D. 452, 455 (S.D. Iowa 2001).

[20]Our decision may also appear to create tension with *Brown v. Phila. Hous. Auth.*, 350 F.3d 338 (3d Cir. 2003), where we noted that "when claims of the named plaintiffs become moot before class certification, dismissal of the action is

plaintiffs, following two orders decertifying a class, agreed to a full and unconditional release of their individual age discrimination claims, and the court dismissed their individual claims. *Id.* at 968-69. Nonetheless, the named plaintiffs filed a de novo motion for class certification. After the trial court dismissed the class claims as moot, we affirmed, noting that after the named plaintiff's claims had been voluntarily settled, they no longer had justiciable

---

required." *Id.* at 343 (quoting *Lusardi*, 975 F.2d at 974). But, *Brown* is distinguishable on its facts.

In *Brown*, the housing authority and certain tenants entered into a consent decree in 1974. *Id.* No class was ever certified. Upon discovering that the named plaintiffs had not been tenants in 1974 nor in 2002, the housing authority moved in 2002 to vacate the original 1974 consent decree. The district court rejected this motion and the housing authority appealed to this court. We held that the consent decree should be vacated because appellees were not housing authority tenants at the entry of the consent decree in 1974 nor in 2002. In so doing, we rejected the appellees argument for "implied class certification." *Id.* at 343, 346. Therefore, lacking representative and individual interests, their claims were clearly moot. Furthermore, the tenants' claims in *Brown* were not mooted by purposive action of the housing authority but rather because they were not public housing tenants at the relevant times.

14

claims when they moved for class certification. *Id.* at 979-80.

Unlike the case here, *Lusardi* did not involve an offer of judgment made in response to the filing of a complaint. The named plaintiffs voluntarily entered into individual settlements subsequent to class decertification. *See id.* at 979 ("Here, there is no dispute that plaintiffs voluntarily settled their individual claims."). In this appeal, the "picking off" scenarios described by the Supreme Court in *Roper* are directly implicated. In *Lusardi* they were not. The *Roper* Court stressed that "at no time did the named plaintiffs accept the tender in settlement of the case; instead, judgment was entered in their favor by the court without their consent." 445 U.S. at 332. Similarly, in *Zeidman*, the Court of Appeals for the Fifth Circuit wrote:

> [P]laintiffs claims have been rendered moot by purposive action of the defendants . . . . By tendering to the named plaintiffs the full amount of their personal claims each time suit is brought as a class action, the defendants can in each successive case moot the named plaintiffs' claims before a decision on certification is reached.

651 F.2d 1030, 1049-50. The tactic at play here, similar to those described in *Roper* and *Zeidman*, contrasts with the voluntary settlement in *Lusardi* where the plaintiffs agreed to settle with the defendants after

two motions for class certification had been denied. Indeed, even *Lusardi* noted, in a somewhat different context, that it "simply was not a case where . . . the class-action defendant successfully prevented effective resolution of a class certification issue." *Lusardi*, 975 F.2d at 983. In *Lusardi*, no unilateral action by the Defendant rendered the plaintiffs' claims "inherently transitory." Defendants here used the Rule 68 offer to thwart the putative class action before the certification question could be decided.

Under this set of circumstances, we believe the tension between Fed. R. Civ. P. 23 and Fed. R. Civ. P. 68 should be addressed through the "relation back" analysis.[21]

---

[21]Weiss also argues Fed. R. Civ. P. 23(e) requires court approval of the Rule 68 offer of judgment before dismissing the class complaint. Several courts, including our own, had concluded the supervisory guarantees of the former Rule 23(e) applied in the pre-certification context. *See Kahan v. Rosenstiel*, 424 F.2d 161, 169 (3d Cir. 1970) ("a suit brought as a class action should be treated as such for purposes of dismissal or compromise, until there is a full determination that the class action is not proper").

These holdings arguably have been superseded by the 2003 Amendments to the Federal Rules of Civil Procedure which provide that Fed. R. Civ. P. 23(e) approval is required only after a class has been certified. The rule was revised in 2003, to provide: "The court must approve

## III.

For the foregoing reasons, the judgment of the District Court will be reversed and the matter will be remanded for proceedings consistent with our opinion.

---

any settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of a *certified class*." Fed. R. Civ. P. 23(e)(1)(a) (emphasis added). The Advisory Committee Notes state the amendment was designed to remove ambiguity regarding the application of Rule 23(e) approvals at the pre-certification stage:

> Rule 23(e)(1)(A) resolves the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of a "class action." That language could be—and at times was—read to require court approval of settlements with putative class representatives that resolved only individual claims. The new rule requires approval only if the claims, issues, or defenses of a *certified class* are resolved by settlement, voluntary dismissal, or compromise.

2003 Advisory Committee Notes (emphasis added). Nevertheless, given our holding here, we need not address this argument.

16