**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3123
_____

EDWARD ROSSI,
on behalf of himself and all others similarly situated

v.

THE PROCTER & GAMBLE CO.

Scott Foster,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-11-cv-07238)
District Judge:  Honorable Jose L. Linares

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 29, 2014

Before:  FISHER, KRAUSE and VAN ANTWERPEN, Circuit Judges

(Opinion filed January 6, 2015)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Scott Foster appeals the District Court's order denying his motion for injunctive relief. For the reasons detailed below, we will affirm the District Court's judgment.

This case was initiated when Edward Rossi filed a putative class-action complaint against defendant The Proctor & Gamble Company ("P&G"), in which he alleged that P&G engaged in deceptive and misleading advertising and marketing with respect to Crest Sensitivity Treatment and Protection Toothpaste. On February 22, 2013, the District Court entered an order preliminarily certifying a settlement class and granting preliminary approval of a settlement agreement. The settlement agreement provided that, as relevant to this case, each member of the class would receive a prepaid debit card worth $4.00. The Court announced that if any individuals wished to object to the settlement or opt out of the settlement class, they were required to provide written notice by August 21, 2013.

On October 3, 2013, after holding a hearing to consider the fairness of the settlement agreement, the District Court entered an order approving the class settlement. The Court noted that there had been just one objection to the settlement — an objection filed by a man named Tim Blanchard concerning the class-certification decision and the amount of attorney's fees plaintiff's counsel would receive — and concluded that the objection lacked merit.

2

Foster, the appellant here, did not object to the settlement agreement or opt out of the settlement class. Instead, he submitted a claim form, and received a $4.00 debit card that was issued by Citi. Along with the debit card, Citi sent Foster a document entitled "Citi Prepaid Services Prepaid Card Agreement" ("the Citi Agreement"). That document contains an arbitration provision, stating that either party may demand arbitration of any claim "arising out of and relating to [the] Citi Prepaid Services Card." The arbitration provision covers all claims except for those filed in small-claims court.

On April 24, 2014, Foster filed a "motion for injunctive relief." Foster objected to the terms of the Citi Agreement, arguing that his potential claims should not be subject to arbitration. He sought, among other things, an order enjoining P&G and Citi from enforcing the terms of the Citi Agreement, requiring P&G to provide Foster with $4.00 in some other form, and recalling all debit cards issued to other members of the class.

The District Court denied Foster's motion. The Court first observed that P&G had, in fact, offered to provide Foster the $4.00 in a different form, but that Foster had not followed up with P&G about this offer. Moreover, the Court held that Foster's motion was, in essence, a time-barred objection to the settlement. Finally, the Court concluded that Foster had not met his burden for establishing entitlement to injunctive relief. Foster then filed a timely notice of appeal to this Court.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's decision to deny injunctive relief for abuse of discretion, while we exercise

3

plenary review over the Court's underlying legal conclusions. Coffelt v. Fawkes, 765 F.3d 197, 201 (3d Cir. 2014). We review the District Court's interpretation of a settlement agreement de novo. In re Orthopedic Bone Screw Products Liab. Litig., 350 F.3d 360, 364 (3d Cir. 2003).

We agree with the District Court's disposition of this case. As an initial matter, as the District Court held, if Foster wished to challenge the settlement agreement — including its term providing that the $4.00 payment would be made via a prepaid debit card — he should have filed a timely objection. His failure to do so precludes him from contesting the agreement or any of its terms at this time. See id.

Foster contends that he objects not to the payment being tendered on a debit card (as explicitly provided for in the settlement agreement), but to the payment being tendered on a debit card that comes with an arbitration provision. Thus, he seemingly argues that P&G has misinterpreted or misapplied the settlement agreement. The finality of the settlement agreement does not bar this type of argument. See id. at 363.

However, to obtain the injunctive relief that he seeks,[1] Foster must show, among other things, that he would be "irreparably injured by the denial of injunctive relief." Coffelt, 765 F.3d at 201. He has not even attempted to identify any harm that the

---

[1] Each of Foster's claims for injunctive relief is premised on his complaint about the Citi Agreement's arbitration provision. Before the District Court, Foster also objected to certain privacy notices in the Citi Agreement. However, he has not pursued those arguments on appeal, and we therefore will not address them here. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993).

arbitration provision could cause him. Indeed, as P&G points out, it appears unlikely that the arbitration provision will ever be triggered. Rather, the most likely scenario is that Foster and the other members of the class will spend their $4.00 without incident, and thus have no cause to pursue a claim against Citi. Moreover, the agreement provides that Foster may proceed in small-claims court notwithstanding the arbitration provision, which would appear to be an appropriate forum in light of the minimal value of the debit card.[2] Thus, the potential harm facing Foster (and the other class members) is remote and hypothetical, which is fatal to his request for injunctive relief. See Acierno v. New Castle Cnty., 40 F.3d 645, 655 (3d Cir. 1994) (noting that an injunction may not be used to eliminate the possibility of remote future injury); see also Adams v. Freedom Forge Corp., 204 F.3d 475, 490 (3d Cir. 2000) ("injunctions will not be issued merely to allay the fears and apprehensions or to soothe the anxieties of the parties" (quotation marks omitted)).[3]

Accordingly, we will affirm the District Court's judgment.

---

[2] For example, in North Carolina, where Foster resides, small-claims courts have jurisdiction over cases where the amount in controversy does not exceed $10,000. N.C. Gen. Stat. § 7A-210.

[3] P&G also argues that the case is moot because it offered to supply $4.00 to Foster in a different form. However, this informal, unilateral offer did not provide Foster all of the relief that he requested, and therefore does not moot his action. See generally Weiss v. Regal Collections, 385 F.3d 337, 340, 344 (3d Cir. 2004).