PRECEDENTIAL


UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3423
_____


ARI WEITZNER; ARI WEITZNER, M.D., P.C.,
Individually and on Behalf
of All Others Similarly Situated


v.


SANOFI PASTEUR, INC.; VAXSERVE, INC.,
formerly known as Vaccess America, Inc.,
                                        Appellants


_____


On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-11-cv-02198)
District Judge: Honorable A. Richard Caputo
_____


ARGUED: March 4, 2015


Before: SHWARTZ, SCIRICA, and ROTH, *Circuit Judges*.

(Filed: April 6, 2016)

Carl J. Greco, Esq. [ARGUED]
327 North Washington Avenue
4th Floor
Professional Arts Building
Scranton, PA  18503

    *Counsel for Appellants*


Todd C. Bank, Esq. [ARGUED]
119-40 Union Turnpike
4th Floor
Kew Gardens, NY  11415

Daniel A. Osborn, Esq.
Osborn Law PC
295 Madison Avenue
39th Floor
New York, NY  10017

    *Counsel for Appellees*

Adina H. Rosenbaum, Esq.
Public Citizen Litigation Group
1600 20th Street, N.W.
Washington, DC  20009

    *Counsel for Amicus Curiae Public Citizen, Inc.*

—————————————

OPINION OF THE COURT

—————————————


**SCIRICA**, *Circuit Judge.*

Federal Rule of Civil Procedure 68 permits defendants to serve an offer of judgment on an opposing party. The issue in this case, before us on interlocutory appeal from the denial of a motion to dismiss, is whether an unaccepted offer of judgment under Rule 68, made before a plaintiff files a motion for class certification under Federal Rule of Civil Procedure 23, moots the plaintiff's entire action, including the putative class claims, and thereby deprives a court of federal subject-matter jurisdiction. Because the Supreme Court's recent decision in *Campbell-Ewald Company v. Gomez*, 136 S. Ct. 663 (2016), holds that an unaccepted offer does not make such a case moot, we will affirm the trial court's order denying defendants' motion to dismiss.[1]

## I.

Ari Weitzner, M.D., is a physician who practices in Brooklyn, New York. *Weitzner v. Sanofi Pasteur, Inc.*, 7 F. Supp. 3d 460, 461 (M.D. Pa. 2014), *appeal docketed*, No. 14-3423 (3d Cir. July 30, 2014). On November 26, 2011,

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331 and § 1332(d)(2)(A). We have jurisdiction under 28 U.S.C. § 1292(b).

Weitzner and his professional corporation, Ari Weitzner, M.D., P.C., filed a putative class action against Sanofi Pasteur Inc. and Vaxserve Inc. *Id.* Plaintiffs allege that "[b]eginning at least as early as April 21, 2004, Defendants transmitted more than 10,000 facsimiles to Plaintiffs and the other members of the Class . . . without the prior express invitation or permission of Plaintiffs and the other members of the Class." J.A. Vol. II at 39a–40a ¶¶ 10, 12. Plaintiffs contend these transmissions violate the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

On November 15, 2013—after plaintiffs filed the putative class action, and with no motion for class certification filed—defendants made offers of judgment under Rule 68[2] to both Weitzner and his professional corporation. *Weitzner*, 7 F. Supp. 3d at 462. In each offer, defendants offered:

---

[2] Fed. R. Civ. P. 68(a)–(b) provides:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment. . . . An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs.

> $1,500 for each and every facsimile advertisement sent to Plaintiff . . . as alleged in Plaintiffs' complaint . . . and in addition any such other relief which is determined by a court of competent jurisdiction to be necessary to fully satisfy all of the individual claims of Plaintiff . . . arising out of or related to the transmission of facsimile advertisements sent to Plaintiff . . . by or on behalf of Defendants.

*Id*. at 464. Defendants indicated in each offer that "[t]he number of facsimiles sent to Plaintiff . . . is understood to be eleven (11) facsimile transmissions." *Id.* Defendants also offered to pay costs and to stop sending any facsimile advertisements in violation of the TCPA. *Id.* at 464–65. Consistent with Rule 68, the offers provided that if the offeree "fail[ed] to accept this Offer of Judgment within fourteen (14) days as specified in Rule 68, it will be deemed as withdrawn." J.A. Vol. II 100a.

Defendants contended these offers would "satisfy the claims" of the named plaintiffs and "provide [those] Plaintiff[s] with the maximum relief available under the law to which [those plaintiffs] would be entitled were they to prevail in this case." *Id*. at 95a-96a. Plaintiffs did not respond to the offers. *Weitzner*, 7 F. Supp. 3d at 462. On December 4, 2013—more than fourteen days after defendants made their offers—defendants moved to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), contending their unaccepted offers mooted the case. J.A. Vol. II 77a–83a. Plaintiffs still had not moved (and have not subsequently moved) for class certification.

5

On March 12, 2014, the trial judge denied defendants' motion to dismiss. *Weitzner*, 7 F. Supp. 3d at 460, 461. He concluded the offers would provide complete relief to plaintiffs in their individual capacities. *Id.* at 465. But following *Weiss v. Regal Collections*, 385 F.3d 337 (3d Cir. 2004), he held plaintiffs' action could proceed because they had not engaged in "undue delay" in failing to file their motion for class certification and a successful class certification motion would "'relate . . . back to the filing of the class complaint.'" *Weitzner*, 7 F. Supp. 3d at 465 (quoting *Weiss*, 385 F.3d at 348). Accordingly, the trial judge held, "'[b]y relating class certification back to the filing of a class complaint, the class representative would retain standing to litigate class certification though his individual claim is moot.'" *Id.* (quoting *Weiss*, 385 F.3d at 348). The trial judge also rejected defendants' argument that the Supreme Court's decision in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013), undermined *Weiss*, "given the fact that *Weiss* concerned a putative Rule 23 class action and *Genesis Healthcare* involved a [Fair Labor Standards Act] action." *Weitzner*, 7 F. Supp. 3d at 467.

Subsequently, defendants moved to certify the trial judge's order for interlocutory appeal. *Weitzner v. Sanofi Pasteur, Inc.*, No. 3:11–cv–2198, 2014 WL 1786500, at *1 (M.D. Pa. May 5, 2014). The trial judge certified his order denying defendants' motion to dismiss so we could review the following question:

> Whether an unaccepted offer of judgment under Rule 68 in a putative class action, when the offer is made before the plaintiff files a motion for class certification pursuant to Rule 23,

moots the plaintiff's entire action including the putative class claims, and thereby deprives the court of federal subject matter jurisdiction.

*Id.*[3]

## II.

We exercise plenary review over whether subject-matter jurisdiction exists. *Tellado v. IndyMac Mortg. Servs.*, 707 F.3d 275, 279 (3d Cir. 2013). We also exercise plenary review over a trial court's ruling on mootness. *Burkey v. Marberry*, 556 F.3d 142, 146 (3d Cir. 2009).

## III.

*Campbell-Ewald* involved a class action filed by Jose Gomez, alleging the Campbell-Ewald Company, an advertising and marketing communications agency, violated the Telephone Consumer Protection Act by using an automatic dialing system to send text messages to cellular telephones without the recipients' prior express consent. 136 S. Ct. at 666–67. Campbell-Ewald filed an offer of judgment under Rule 68 in an attempt to settle Gomez's individual claim. *Id.* at 667. After Gomez did not accept the settlement offer and allowed Campbell-Ewald's Rule 68 submission to lapse after the fourteen days specified in the Rule, Campbell-

---

[3] On July 17, 2014, we granted defendants' petition for leave to bring their interlocutory appeal under 28 U.S.C. § 1292(b). J.A. Vol. I 1a. We held the case *c.a.v.* pending the Supreme Court's decision in *Campbell-Ewald Company v. Gomez*, 136 S. Ct. 663 (2016), which was issued on January 20, 2016.

Ewald moved to dismiss under Rule 12(b)(1), contending the unaccepted offer made the case moot. *Id.* at 668.

The Court held "an unaccepted offer to satisfy [a] named plaintiff's individual claim [is not] sufficient to render a case moot when the complaint seeks relief on behalf of the plaintiff and a class of persons similarly situated." *Id*. at 666. It further stated that "in accord with Rule 68 of the Federal Rules of Civil Procedure . . . an unaccepted settlement offer has no force." *Id.*[4]

These holdings resolve the question presented to us on interlocutory review. Because an unaccepted settlement offer "has no force," it moots neither Plaintiffs' individual claims nor the case as a whole.

*Campbell-Ewald* overrules our previous holding in *Weiss* that "[a]n offer of complete relief will generally moot the plaintiff's claim, as at that point the plaintiff retains no personal interest in the outcome of the litigation." *Weiss*, 385 F.3d at 340. Beyond this, we decline to elaborate on the implications of *Campbell-Ewald* on our other holdings in *Weiss*. Nothing in this opinion should be taken to express a

---

[4] The Court declined to consider "whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount." *Campbell-Ewald*, 136 S. Ct. at 672. It also declined to consider "whether Gomez's [putative] claim for class relief prevent[ed] th[e] case from becoming moot." *Id.* at 679 n.1 (Roberts, C.J., dissenting). Like the Court, we will not address these issues.

view on any issues decided by the trial judge other than the single issue certified on interlocutory appeal.

## IV.

Accordingly, we will affirm the trial court's order denying defendants' motion to dismiss.