NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 16-1364, 16-1365, 16-1366, 16-1367
_____

NORTH SOUND CAPITAL LLC; NORTH SOUND LEGACY
INTERNATIONAL; NORTH SOUND LEGACY INSTITUTIONAL;
UNITED FOOD COMMERCIAL WORKERS LOCAL 1500 PENSION FUND

v.

MERCK & CO INC; MERCK SCHERING PLOUGH PHARMACEUTICALS;
MSP DISTRIBUTION SERVICES (C) LLC; MSP SINGAPORE CO LLC;
RICHARD T. CLARK; DEEPAK KHANNA,

Appellants in No. 16-1364
_____

GIC PRIVATE LIMITED

v.

MERCK & CO INC; MERCK SCHERING PLOUGH PHARMACEUTICALS;
MSP DISTRIBUTION SERVICES (C), LLC; MSP SINGAPORE COMPANY, LLC;
RICHARD T. CLARK; DEEPAK KHANNA,

Appellants in No.16-1365
_____

GIC PRIVATE LIMITED

v.

MERCK & Co., f/k/a SCHERING-PLOUGH CORPORATION;
MERCK SCHERING PLOUGH PHARMACEUTICALS;
MSP DISTRIBUTION SERVICES (C) LLC;
MSP SINGAPORE COMPANY, LLC; FRED HASSAN; CARRIE COX,

Appellants in No. 16-1366

NORTH SOUND CAPITAL, LLC; NORTH SOUND LEGACY INTERNATIONAL; NORTH SOUND LEGACY INSTITUTIONAL; UNITED FOOD COMMERCIAL WORKERS LOCAL 1500 PENSION FUND; COLONIAL FIRST STATE INVESTMENT, LTD.; CFSIL-CFS WHOLESALE INDEXED GLOBAL SHARE FUND; COMMONWEALTH BANK OFFICERS SUPERANNUATION CORPORATION AS TRUSTEE FUND OFFICERS SUPERANNUATION FUND WGSSO4; CFSIL-COMMONWEALTH GLOBAL SHARES FUND 4; COMMONWEALTH BANK OFFICERS SUPERANNUATION COPORATION AS TRUSTEE FUND OFFICERS SUPPERANNUATION FUND WGSSO2; COMMONWEALTH BANK OFFICERS SUPERANNUATION CORPORATION AS TRUSTEE FUND OFFICERS SUPERANNUATION FUND WTRA02; CFSIL-COMMONWEALTH SPECIALIST FUND 13; CFSIL WHOLESALE GEARED GLOBAL SHARED FUND; CFSIL ATF CMLA INTERNATIONAL SHARE FUND; CFSIL-COMMONWEALTH GLOBAL SHARES FUND 6; CFSIL- COMMONWEALTH GLOBAL SHARES FUND 2; CFSIL-CFS WHOLESALE ACADIAN GLOBAL EQUITY FUND; CFSIL-CFS WHOLESALE GLOBAL HEALTH & BIOTECHNOLOGY FUND; CFSIL-CFS WHOLESALE GLOBAL SHARE FUND

v.

MERCK & CO, INC., f/k/a SCHERLING -PLOUGH CORPORATION; MERCK SCHERING PLOUGH PHARMACEUTICALS; MSP DISTRIBUTION SERVICES (C) LLC; MSP SINGAPORE COMPANY, LLC; FRED HASSAN; CARRIE S. COX,

Appellants in No. 16-1367

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ Nos. 3-13-cv-07240, 3-13-cv-07241, 3-14-cv-00241, and 3-14-cv-00242)
District Judge: Honorable Freda L. Wolfson

_____

Argued October 5, 2016

BEFORE:  SHWARTZ, GREENBERG, and ROTH, Circuit Judges

(Filed: August 2, 2017)

_____

Daniel Hume (argued)
Ira M. Press
Meghan J. Summers
Karina Kosharskyy
Kirby McInerney
825 Third Ave.
16th Floor
New York, NY 10022

    <u>Attorneys for Appellees</u>

Daniel J. Kramer (argued)
Theodore V. Wells, Jr.
Charles E. Davidow
Daniel J. Leffell
Daniel J. Juceam
Paul, Weiss, Rifkind, Wharton & Garrison
1285 Avenue of the Americas
New York, NY 10019-6064

William H. Trousdale
Brian M. English
Tomkins, McGuire, Wachenfeld & Barry
3 Becker Farm Road, Fourth Floor
Roseland, NJ 07065-1726

    <u>Attorneys for Appellants</u>

Scott L. Nelson
Allison M. Zieve
Public Citizen Litigation Group
1600 20th Street, N.W.
Washington, DC 20009

Max W. Berger
Salvatore J. Graziano
Bernstein Litowitz Berger & Grossman
1251 Avenue of the Americas, 44th Floor
New York, NY 10020

Blair Nicholas
Bernstein Litowitz Berger & Grossman

12481 High Bluff Drive, Suite 300
San Diego, CA 92130

Ira D. Hammerman
Kevin M. Carroll
Securities Industry and Financial
Markets Association
1399 New York Avenue, N.W.
Washington, DC 20005

Jared M. Gerber
Lewis J. Liman
Clearly Gottlieb Stein & Hamilton
One Liberty Plaza
New York, NY 10006

Daniel P. Chiploch
Lieff Cabraser Heimann & Bernstein
250 Hudson Street, 8th Floor
New York, NY 10013

Darren Robbins
Joseph D. Daley
Robbins Geller Rudman & Dowd
655 West Broadway
Suite 1900
San Diego, CA 92501

Tejinder Singh
Thomas C. Goldstein
Goldstein & Russell
7475 Wisconsin Avenue
Suite 850
Bethesda, MD 20814

   Attorneys for amici curiae

_____

OPINION[1]

_____

---

[1] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

GREENBERG, <u>Circuit</u> <u>Judge</u>.

## I.  INTRODUCTION

In <u>American Pipe & Construction Co. v. Utah</u>, 414 U.S. 538, 94 S.Ct. 756 (1974) ("<u>American Pipe</u>"), the Supreme Court established a class action tolling rule providing for tolling of the time for bringing lawsuits by unnamed members of a class in a putative class action during the time that a district court was deciding whether to certify the plaintiff class.  In the cases now before us on Merck and Co.'s ("Merck") and Merck and Co. as successor to Schering Plough Pharmaceuticals's ("Schering") (together "appellants") consolidated appeals, we determine whether, in this action that GIC Private Limited and North Sound Capital LLC ("appellees") and other plaintiffs brought under the Securities Exchange Act of 1934 ("Exchange Act") against appellants, the <u>American Pipe</u> rule can be applied to toll the time for bringing actions otherwise beyond the time allowed by statutes of repose.  It is undisputed that, in the absence of tolling, appellees' actions would be untimely as appellees initiated their cases beyond that time.  It is now clear that in the light of <u>California Public Employees Retirement System v. ANZ Securities, Inc.</u>, No. 16-373, S.Ct. ____ (June 26, 2017), that the <u>American Pipe</u> tolling rule cannot be invoked to toll the running of time under the statutes of repose at issue in these cases and that appellees' Exchange Act claims therefore were untimely. Accordingly, we will reverse an order that the District Court entered on August 26, 2015, denying appellants' motions to dismiss appellees' Exchange Act cases and will remand

the cases to the District Court to dismiss appellees' cases insofar as they assert Exchange Act claims.

## II.    JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. §§ 1331, 1337, and 1367.  Merck and Merck as successor to Schering filed a timely motion in the District Court seeking certification for appeal of the statute of repose questions that the District Court addressed in entering the August 26, 2015 order.  On January 7, 2016, that Court granted the motion and certified its August 26, 2015 order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  After the District Court granted their motion, appellants filed a timely petition in this Court for leave to appeal, which we granted on February 11, 2016.[2]  Consequently, we have jurisdiction pursuant to 28 U.S.C. § 1292(b).  See, e.g., Weitzner v. Sanofi Pasteur, Inc., 819 F.3d 61, 62 n.1 (3d Cir. 2016).  We exercise plenary review of the District Court's denial of appellants' motions to dismiss.  See Keystone Redevelopment Partners, LLC v. Decker, 631 F.3d 89, 95 (3d Cir. 2011).

## III.    BACKGROUND[3]
A.    The ENHANCE Trial

---

[2] There are additional appellants but it is adequate for us to refer only to Merck and Merck as successor to Schering as the appellants.  Of course, our opinion reversing applies to all appellants.

[3] The District Court primarily relied on the allegations in North Sound Capital's complaint filed on November 14, 2013.  We, too, will rely on North Sound's allegations in this opinion.  In any event, the individual complaints filed in the actions now on appeal are "extremely similar."  (JA 6 n.2).

6

In 2002, Merck and Schering entered into a joint venture for the purpose of combining their cholesterol treating drugs, respectively Zocor and Zetia, to create a new pharmaceutical product called "Vytorin."[4] In furtherance of this venture, Merck and Schering designed a clinical trial known as ENHANCE to demonstrate the benefits of Vytorin. In particular, Merck and Schering expected that the ENHANCE trial would establish that Vytorin simultaneously could lower LDL cholesterol levels and reduce the intima-media thickness of the carotid arterial wall. (JA 85, ¶ 41).

The ENHANCE trial ran from August 2002 to August 2006 but was unsuccessful. According to appellees, notwithstanding the hurdles attributable to ENHANCE's experimental design, appellants allegedly misrepresented Vytorin's prospects for clinical efficacy. Appellees claim that appellants made 17 misrepresentations concerning Vytorin, the last by Schering on November 19, 2007, and by Merck on January 30, 2008. They also allege that an individual defendant made sales of Schering stock based on insider knowledge of the results of ENHANCE, the last insider transaction having been on May 1, 2007.

The final results of the ENHANCE trial became public between January and March 2008 and the ENHANCE data indicated that Vytorin did not produce any added benefit when compared to Zocor alone. Indeed, according to appellees, researchers characterized Vytorin's active ingredient as an "expensive placebo." (JA 132, ¶ 142).

---

[4] Merck and Schering completed a merger in November 2009 in which Schering became a part of Merck. (JA 73, ¶ 21). Thus, Merck and Merck as successor to Schering Plough are appellants on this appeal.

Appellees assert that in the period immediately following the release of these results, Schering's "common stock price fell more than 52%, wiping out more than $23.63 billion in market capitalization, and the . . . preferred stock price similarly fell more than 40% . . . wiping out $1.039 billion in market capitalization." (JA 216, ¶ 320) (emphasis in the original).

B.    The Class Actions

After the results of ENHANCE became public in 2008, representative plaintiffs filed two putative class actions related to the test's failure, one against Merck and one against Schering. See In re Schering-Plough Corp./ENHANCE Sec. Litig., No. 2:08-cv-00397 (DMC) (JAD), 2012 WL 4482032 (D.N.J. Sept. 25, 2012) ("Schering Class Action"); In re Merck & Co., Vytorin/Zetia Sec. Litig., No. 2:08-cv-02177 (DMC) (JAD), 2012 WL 4482041 (D.N.J. Sept. 25, 2012) ("Merck Class Action"). The District Court certified classes in both cases on September 25, 2012. See Schering Class Action, 2012 WL 4482032, at *1; Merck Class Action, 2012 WL 4482041, at *1. On December 28, 2012, the Court approved notices to be given to members of the proposed classes, and, in both cases permitted class members to opt-out of the classes until March 1, 2013. Ultimately the parties settled the class actions.

C.    Appellees Opt-Out of the Class

Appellees North Sound Capital LLC and GIC Private Limited, both institutional investors, who were within the classes in the underlying actions, timely opted-out of the classes on March 1, 2013. Then appellees initiated four district court actions against

appellants on November 14, 2013, and January 14, 2014.[5] In their essentially identical complaints, appellees alleged that appellants violated §§ 10(b), 20(a), and 20A of the Exchange Act, and engaged in common law fraud actionable under New Jersey law. Specifically, appellees allege that they, or their investment managers, relied on appellants' misrepresentations when they purchased Schering securities during the ENHANCE trial and that "[a]s a direct and proximate result of [appellants'] wrongful conduct, [appellees] suffered damages in connection with their respective purchases and sales of [Schering's] securities during the [r]elevant [p]eriod." (JA 225, ¶ 346). Appellees also allege that an individual defendant, other than Merck and Merck as successor to Schering, engaged in a series of insider sales of Schering stock. (JA 410-11, ¶¶ 351-52). As we already have stated, the last alleged insider trade was executed on May 1, 2007, and the final alleged misstatement was made on January 30, 2008, more than five years before appellees initiated their individual actions. (JA 410-11, ¶¶ 351-52; JA 744-45, ¶¶ 317-18).

D.      Appellants' Motions to Dismiss and Petitions for Interlocutory Review

On November 17, 2014, appellants moved under Fed. R. Civ. P. 12(b)(6) to dismiss all four of appellees' post-opt-out-cases.[6] In support of their motions, appellants

---

[5] Two of the actions were against Merck in its own capacity and two were against Merck as successor to Schering. Appellants characterize the complaints in these actions as copy cats of the class actions.

[6] The District Court initially stayed the four actions after the Supreme Court granted certiorari in Police & Fire Retirement System of the City of Detroit v. IndyMac MBS, Inc., 721 F.3d 95 (2d Cir. 2013), a case dealing with the issue of the applicability of American Pipe's class action tolling rule to statutes of repose. See Pub. Emps.' Ret. Sys.

asserted that the five-year period for bringing actions that the statutes of repose set forth in 28 U.S.C. § 1658(b)(2) for claims under §§ 10(b) and 20(a), and 15 U.S.C. § 78t-1(b)(4) for claims under § 20A, barred appellees' Exchange Act actions because appellees brought their actions after the expiration of the five-year period. Appellants argued that American Pipe did not save appellees' cases because American Pipe applied to "equitable" tolling of statutes of limitation and was not a precedent for extending the time for initiating actions barred by statutes of repose. Appellants also argued that even if American Pipe tolling applied a form of "legal," as distinguished from "equitable" tolling, the Rules Enabling Act ("REA"), 28 U.S.C. § 2072(b), precluded the application of Fed. R. Civ. P. 23 on which the District Court relied in denying appellants' motions to dismiss to extend the time for commencing actions under the Exchange Act statutes of repose.[7] (JA 9).

Appellees, in opposing dismissal of their actions in the District Court, asserted that the Exchange Act time limitations are statutes of limitations rather than statutes of repose

_____

of Miss. v. IndyMac MBS, Inc., 134 S.Ct. 1515 (2014). The Supreme Court ultimately dismissed its grant of certiorari as improvident, and proceedings in the cases now before us resumed in the District Court. See Pub. Emps.' Ret. Sys. of Miss. v. IndyMac MBS, Inc., 135 S.Ct. 42 (2014).

[7] In their motions to dismiss, appellants also argued that the District Court should decline to exercise supplemental jurisdiction over appellees' common law fraud claims, or, in the alternative, that appellees insufficiently pled the fraud claims. Inasmuch as the District Court held that appellees' Exchange Act claims survived the motions to dismiss, the Court did not rule on the jurisdictional argument and it limited its analysis of the common law fraud claims to appellants' inadequate-pleading argument, which it rejected. We do not review this conclusion because it is not within the scope of the issues we have certified for appeal. On the remand that will follow the disposition of these appeals, the District Court may consider the question of whether it should exercise jurisdiction over the common law claims, a matter on which we do not express an opinion.

10

and thus the limitations periods in the statutes could be equitably tolled. Appellees further contended that, even if the Exchange Act time limitations are statutes of repose, there could be tolling under American Pipe in these cases because the tolling in American Pipe had a "legal" foundation rooted in an interpretation of Fed. R. Civ. P. 23. Accordingly, appellees contended that there was a statutory basis for the tolling. Finally, appellees argued that the REA did not preclude extending American Pipe tolling to statutes of repose.

On August 26, 2015, the District Court denied appellants' motions to dismiss. The Court first concluded that the time limitations in 28 U.S.C. § 1658(b)(2) and 15 U.S.C. § 78t-1(b)(4) are statutes of repose and that, in the absence of tolling, the time for bringing appellees' Exchange Act actions expired before appellees opted-out of the class actions and subsequently initiated their individual actions. The Court, however, determined that it could apply American Pipe tolling to the Exchange Act repose periods as it accepted appellees' contention that American Pipe tolling has a "legal" foundation. It reached this conclusion on the bases of its interpretation of Rule 23 and its conclusion that American Pipe was applicable to statutes of repose. The Court then addressed the impact of the REA and reasoned that American Pipe tolling is purely procedural and therefore American Pipe could be applicable as tolling under that case had only an incidental impact on the parties' substantive rights. Accordingly, the Court applied American Pipe tolling to appellees' individual actions brought after they opted-out of the class actions following the class actions' certification. The Court therefore held that appellees'

11

Exchange Act claims were timely and it denied appellants' Rule 12(b)(6) motions to dismiss.[8]

As we set forth above, appellants filed a motion in the District Court seeking an order certifying the statute of repose questions to this Court for appeal pursuant to 28 U.S.C. § 1292(b). The District Court granted appellants' motion on January 7, 2016, and certified the following two questions for interlocutory review:

> 1. Whether the tolling rule set forth in American Pipe & Constr. Co. v. Utah, 414 U.S. 538 (1974) is 'legal' or 'equitable' in nature;
>
> 2. Whether interpreting American Pipe & Constr. Co. v. Utah, 414 U.S. 538 (1974) tolling to extend the five-year statutes of repose under the Securities Exchange Act of 1934 would abridge [appellant]s' substantive rights, enlarge [appellee]s' substantive rights, or otherwise modify any substantive right within the meaning of the Rules Enabling Act, 28 U.S.C. § 2072(b)[.]

(JA 34). After the District Court entered the above order, appellants petitioned this Court for leave to file an interlocutory appeal and we granted their petition pursuant to 28 U.S.C. § 1292(b) on February 11, 2016. In our order we accepted the District Court's framing of the questions for the appeal.

## IV.    DISCUSSION

When this case was before the District Court the outcome was not obvious. But that was before the Supreme Court decided ANZ Securities. After the Court decided that

---

[8] Appellants do not contend that even if tolling applied, appellees' actions would be untimely.

12

case we directed the parties to inform us by letter with respect to their positions concerning the impact of that case on this case. Appellees have stated that <u>ANZ</u> made clear that <u>American Pipe</u> recognized a form of "equitable tolling that does not apply to the federal securities laws' statutes of repose. Because this is the precise question at issue in [these consolidated appeals], we believe that the Supreme Court's decision is dispositive of the issues raised in Defendants' appeals." Letter of Daniel Hume of Kirby McInerney LLP dated July 6, 2017. Not surprisingly, appellants have filed a letter taking the same position.

## V. CONCLUSION

For the foregoing reasons, we will reverse the District Court's order of August 26, 2015, denying appellants' motions to dismiss appellees' Exchange Act claims, and will remand the cases to that Court for it to dismiss the Exchange Act claims as time-barred, and for further proceedings on the remaining issues.