NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2737
No. 24-1040
_____

KEVIN MINEHAN, Individually and derivatively on behalf of
Christi Insurance Group, Inc.,
Appellant

v.

ERIC G. MCDOWELL; ANDREW T. LUNNEY; MCFADDEN SCOTT
INSURANCE LLC; CHRISTI INSURANCE GROUP INC.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2-21-cv-05314
District Judge:  The Honorable Chad F. Kenney
_____

Submitted under Third Circuit L.A.R. 34.1(a)
September 20, 2024

Before: RESTREPO, MCKEE, and SMITH, *Circuit Judges*

(Filed: October 4, 2024)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

SMITH, *Circuit Judge*.

Kevin Minehan is the former president of Christi Insurance Group, Inc. (Christi) and also its majority shareholder. He initiated suit, individually and derivatively on Christi's behalf, against Eric G. McDowell and Andrew T. Lunney, Christi's other two shareholders. Minehan alleged tencounts against McDowell and Lunney, claiming that they breached their fiduciary duty to Christi and Minehan and were liable for, *inter alia*, shareholder oppression. McDowell and Lunney denied Minehan's allegations of wrongdoing and asserted counterclaims on their own behalf and derivatively on Christi's behalf. They alleged that Minehan had breached his fiduciary duty to them and to Christi and that he was liable for other tortious conduct.

Minehan moved for summary judgment on the counterclaims, contending that they were barred by the statute of limitations. The District Court summarily denied that motion and denied Minehan's motion to exclude the testimony of Brian Duffy, a forensic accountant retained by McDowell and Lunney. Following a bench trial, the District Court entered judgment against Minehan on all his claims save for a Pennsylvania Wage Payment and Collection Law cause of action. The District Court also ruled in favor of McDowell, Lunney, and Christi on most their counterclaims. Damages exceeded $2 million. The District Court further determined that because this was a "derivative action in which the company derived substantial benefit," JA74, the Defendants were entitled to attorneys' fees and costs, including the expert's fees. Minehan timely appealed the

2

District Court's judgment. After the District Court ruled on the parties' ensuing fee petitions, Minehan filed an amended notice of appeal, challenging those fee awards.[1]

## I.

Minehan's motion for summary judgment asserted that McDowell's and Lunney's counterclaims were barred by Pennsylvania's two-year statute of limitations under 42 Pa. Con. Stat. § 5524(3) and (7). The District Court summarily denied the motion. Before us, Minehan challenges that denial, asserting that the District Court erred because the summary judgment motion presented a pure legal issue that should have been decided in his favor. McDowell and Lunney contend that we lack jurisdiction to review this claim under *Ortiz v. Jordan*, 562 U.S. 180 (2011), because the summary judgment motion presented a factual dispute that cannot be decided on the summary judgment record after trial.[2] We agree.

In *Ortiz*, the Supreme Court held that "[o]nce the case proceeds to trial, the full record developed in court supersedes the record existing at the time of the summary judgment motion." *Id.* at 184. Although the defense in *Ortiz* asserted that its summary judgment motion raised a purely legal issue, the Supreme Court rejected that argument. It reasoned that "[c]ases fitting that bill typically involve contests not about what occurred, or why an action was taken or omitted, but disputes about the substance and clarity of pre-existing law." *Id.* at 190.

---

[1] The District Court exercised diversity jurisdiction under 28 U.S.C. § 1332(a)(1). We have final order jurisdiction under 28 U.S.C. § 1291.
[2] We exercise plenary review over whether we have jurisdiction. *See Weitzner v. Sanofi Pasteur, Inc.*, 819 F.3d 61, 63 (3d Cir. 2016).

Here, the summary judgment briefing shows that this dispute was about what occurred, what people knew and when they knew it. As a result, the issue presented at summary judgment was not "purely legal" and was not "capable of resolution" post-trial on the summary judgment record.[3] *Id.*

Minehan did raise the statute of limitations in his post-trial proposed Findings of Fact and Conclusions of Law. But he does not challenge the District Court's factual findings, choosing instead to rely upon evidence offered in support of his summary judgment motion. *Ortiz* instructs, however, that the trial record "supersedes the record existing at the time of the summary judgment motion" and the "defense must be evaluated in light of the character and quality of the evidence received in court." *Id.* at 184.

## II.

Minehan also challenges the District Court's denial of his motion to exclude the testimony of Duffy, McDowell's and Lunney's expert.[4] The admissibility of an expert's

---

[3] McDowell's and Lunney's opposition to Minehan's summary judgment motion cited numerous facts and multiple documents bearing on the application of the discovery rule and the doctrine of fraudulent concealment, which implicitly highlighted the District Court's need to assess the demeanor and credibility of the witnesses before resolving who knew what and when. Accordingly, we reject Minehan's assertion in his Reply Brief that McDowell and Lunney did not dispute the facts below and that they either waived or are judicially estopped from pressing their argument that *Ortiz* precludes our review.

[4] We review the admission of expert testimony for an abuse of discretion. *Leonard v. Stemtech Int'l Inc.*, 834 F.3d 376, 391 (3d Cir. 2016). The District Court's decision to admit an expert's testimony is an abuse of discretion if it "rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." *UGI Sunbury LLC v. A Permanent Easement for 1.7575 Acres*, 949 F.3d 825, 831 (3d Cir. 2020) (internal quotation marks and citation omitted).

testimony hinges on the District Court's application of Federal Rule of Evidence 702 and "an expert's qualifications, reliability, and fit." *UGI Sunbury LLC v. A Permanent Easement for 1.7575 Acres*, 949 F.3d 825, 832 (3d Cir. 2020). According to Minehan, Duffy's opinion did not meet the "reliability" and "fit" requirements of Rule 702.

Neither assertion has merit. Duffy's testimony helped "the trier of fact to understand the evidence [and] to determine a fact at issue." *Id.* at 835 (quoting Fed. R. Evid. 702(a)). His testimony explained how he and his team followed the money and why there were misappropriations. For example, Duffy opined that Minehan obtained an additional month of rent for a period of six years, thereby securing thirteen months of rent each of those years. He testified that his team discovered the overpayment in each of the six years because there was a $9,000 monthly rental payment in the bank statements that was not recorded in the general ledger. The District Court concluded that this distillation of the financial records "was indeed quite helpful," "most crucially in cross-checking Minehan's self-serving statements against the financial records." JA52. We conclude that the District Court did not abuse its discretion in denying the motion to exclude Duffy's report or in allowing Duffy's testimony at trial.

## III.

Minehan also challenges the District Court's awards of attorneys' fees.[5] Minehan complains that the District Court erred by failing to include in the attorneys' fees he

---

[5] We review a district court's order awarding attorneys' fees for an abuse of discretion. *Interfaith Cmty Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005). Factual findings underlying the court's determination are reviewed for clear error. *Id.* We exercise plenary review over the district court's application of the law. *Id.*

received for prevailing on his Pennsylvania Wage Payment and Collection Law (WPCL) claim the fees incurred on his unsuccessful breach of fiduciary duty claim. There was no error. Although Pennsylvania law allows the recovery of fees for other claims if they "flow from a common set of facts," the "determining factor" authorizing fees for non-WPCL claims "is the nature of the action that *initiated* the litigation, *i.e.*, a wage compensation claim, rather than the nature" of the other claims. *Ambrose v. Citizens Nat'l Bank of Evans City*, 5 A.3d 413, 420, 421 (Pa. Super Ct. 2010) (emphasis added). The thrust of Minehan's complaint was the alleged breach of fiduciary duty and shareholder oppression. As the District Court explained, the WPCL claim was a "minute part of the case." JA85. Because Minehan's wage compensation claim was not at the heart of this action, we discern no error in the District Court's limitation of the fee award to those services rendered solely on the WPCL claim.

Minehan also objects to the amount of the attorneys' fees awarded as a sanction for his contempt of a stipulated court order. Minehan contends that the District Court erred because it "responded to Minehan's objections to the fee award, rather than require the defense to justify the size of its request." Appellant's Br. 48–49. And Minehan asserts the District Court erred by failing to conduct a line-by-line analysis after he filed specific objections to portions of the requested fee. *Id.* at 49.

A review of the District Court's memorandum, however, shows that the District Court was mindful of the need to conduct a line-by-line review. JA23. It specifically addressed the time entries related to the objections, explaining why it did or did not exclude certain fees from the award. Because McDowell and Lunney permissibly relied

6

upon their petition to justify the size of the requested award, and because Minehan does not take issue with any of the District Court's findings about the reasonableness of the hours spent, we conclude that McDowell and Lunney met their burden of showing that the requested fee for Minehan's contempt was reasonable. *See Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005) (instructing that "a district court must conduct 'a thorough and searching analysis'" in evaluating a fee application) (internal citation omitted). We will not disturb the District Court's fee award on the motion for sanctions.

Finally, Minehan also challenges the post-trial fee award. He takes issue with the District Court's award of the entire expert fee request and asserts that the District Court failed to conduct the line-by-line analysis of the attorneys' fees even though he objected to certain categories of work.

The challenge to the award of the entire expert fee lacks merit. In Minehan's view, the expert's invoices, which were in block-billing format, failed to support the reasonableness of the rate and hours charged and prevented a meaningful analysis of the requested fee. He submits that the award of the entire amount of the requested expert fee was "based on the expert['s] 'helpfulness.'" Appellant's Br. 50. The District Court acknowledged that the expert's block-billing made its review more difficult. But the District Court noted that the "expert's affidavits do contain a substantial amount of detail regarding their work, even if those records are not displayed as traditional line-by-line records" and that this detail was "sufficient to support their fees." JA83. We agree. Moreover, we see the District Court's overview of the extent of the expert's work and the

helpfulness of his testimony as support for the District Court's assessment that the services rendered were reasonable.[6]

With regard to Minehan's complaint that the District Court did not conduct the line-by-line analysis, we are not persuaded. The initial amount sought, less the expert's fee, was $1,342,569.21. The eventual fee award reduced that request by $224,664.96. The Court clearly scrutinized the fee petition in making that reduction.

Our jurisprudence requires that "a district court must conduct 'a thorough and searching analysis'" so that we can engage in "meaningful appellate review." *Honeywell*, 426 F.3d at 703 n.5 (internal citation omitted). We conclude that the District Court complied with this requirement and that there is no basis for setting aside any of the orders awarding attorneys' fees.

We will affirm.

---

[6] We note that the award of the full expert fee requested of $334,810.00 did not include $137,485.63 given in discounts in the various invoices.